**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **NORMA LARA,**<br>**Petitioner,**<br>**v.**<br>**WARDEN,**<br>**Respondent.** | **Case No. CV 14-1393-DSF(AJW)**<br><br>**MEMORANDUM AND ORDER DISMISSING PETITION** |

Petitioner filed this petition for a writ of habeas corpus on October 4, 2013. Originally filed in the United States District Court for the Northern District of California, it was transferred to this Court on February 14, 2014. The petition alleges that the five-year prison sentence petitioner received for a probation violation was "too much," and that petitioner is entitled to earn half-time sentence credits. [Petition at 3-4]. For the following reasons, the petition is subject to summary dismissal.[1]

Assuming that the petition presents a cognizable claim for

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...."

relief,[2] petitioner has not exhausted it. A state prisoner is required to exhaust all available state court remedies before a federal court may grant habeas relief. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to the state's highest court. Davis v. Silva, 511 F.3d 1005, 1008-1009 (9th Cir. 2008).

From the face of the petition, it is clear that petitioner has never presented any claim to the California Supreme Court, and therefore, has not exhausted her state remedies. [See Petition at 5-6]. Although this Court has discretion to stay a mixed habeas petition to allow the petitioner to exhaust state remedies, see Rhines v. Webber, 544 U.S. 269, 277-278 (2005), it does not have discretion to stay a petition containing only unexhausted claims. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Davis v. Adams, 2010 WL 1408290, at *2 (C.D.Cal.) (stating that a federal court cannot stay a completely unexhausted petition), report and recommendation adopted, 2010 WL 1408292 (C.D.Cal. Mar. 30, 2010).

Based upon the foregoing deficiencies, the petition for a writ of

---

[2] Federal habeas relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws or treaties of the United States. Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011). As pleaded, petitioner's claims arguably involve only alleged errors in the interpretation or application of state law.

habeas corpus is dismissed without prejudice.

**It is so ordered.**

Dated: March 13, 2014

Dale S. Fischer
United States District Judge